■ In the Matter of SHIRLEY BERNSTEIN et al., for the Appointment of a Committee of the Person and Property of DORIS K. BARTHOLOMEW, an Alleged Incompetent Person, Appellants. SAMUEL S. BURMAN, Respondent.— Order, Supreme Court, New York County, entered on July 8, 1971, fixing the fee of the guardian ad litem, unanimously modified, on the law and the facts, without costs and without disbursements, to the extent of reducing the fee allowed to the sum of $1,250, and, as so modified, affirmed. On the record before us, it was an improvident exercise of discretion to allow a fee to the guardian ad litem in excess of the sum indicated herein. Order, Supreme Court, New York County, entered on July 8, 1971, fixing the fee of the Temporary Receiver, unanimously affirmed, without costs and without disbursements. Concur — Stevens, P. J., McGivern, Markewich and Murphy, JJ.

■ MARIA ASCENCIO, Respondent, v. ALICE RHOADS, Appellant.— Order of the Appellate Term of the Supreme Court, First Department, entered on May 21, 1971, affirmed, without costs and without disbursements. Concur — Nunez, J. P., Kupferman, Tilzer and Eager, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to reverse. The excuse of plaintiff's attorney that the delay and subsequent dismissal were caused by inadvertence has been repeatedly held by this court to be insufficient as a matter of law. In *Mingis* v. *Daitch Crystal Dairies* (32 A D 2d 746) we said: "The office failures alleged by plaintiff's attorney do not constitute an adequate excuse for the failure to discover that a statement of readiness had not been filed." In *Sortino* v. *Fisher* (20 A D 2d 25, 29) we held: "Excuses for avoidable delay are insufficient which merely lay the delay at the door of plaintiff himself, his lawyer of record, trial counsel, other associated counsel, or employees of any of the lawyers." Further, plaintiff's alleged affidavit of merits is wholly silent on any matters of an evidentiary nature from which intent to assault might be inferred. The affidavit contains the conclusory statement that defendant "intentionally approached me and threw over my bicycle causing it to strike my left foot." On an application such as the instant one, plaintiff is required to present to the court an affidavit of merits which sets forth evidentiary, not conclusory, facts demonstrating a cause of action. (*Sortino* v. *Fisher, supra*; *McNamara* v. *Hutchinson*, 33 A D 2d 26, 27.)